Robert PUGH and Nathaniel Henderson, on their own behalf and on behalf of all others similarly situated, Plaintiffs, Thomas Turner and Gary Faulk, on their own behalf and on behalf of all others similarly situated, Plaintiff-Intervenors,

v.

James RAINWATER et al., Defendants.

Civ. No. 71–448.

United States District Court,
S. D. Florida,
Miami Division.

Jan. 25, 1972.

Bruce S. Rogow, Rene V. Murai, Legal Services of Greater Miami, Phillip A. Hubbart, Public Defender of the Eleventh Judicial Circuit of Dade County, Miami, Fla., for plaintiffs.

Jack R. Blumenfeld, Asst. State's Atty., Miami, Fla., for defendant Gerstein.

Alan R. Rothstein, City Atty., Larry J. Hirsch, Asst. City Atty., Miami, Fla., for defendant Bernard E. Garmire.

Stuart Simon, County Atty., Alan T. Dimond, Asst. County Atty., Miami Fla., for defendant E. Wilson Purdy.

Robert L. Shevin, Atty. Gen., Barry Scott Richard, Asst. Atty. Gen., Miami Fla., for defendants Sutton, Rainwater, Snowden, Adair, Berkman and Ferguson.

Joseph Pardo, Miami, Fla., for defendant Sidney L. Segall.

Joseph A. Wanick, City Atty., Henry A. Edgar, Jr., Asst. City Atty., Miami Beach, Fla., for defendant Rockey Pomerance.

Aaron A. Foosaner, Miami, Fla., for defendant Morton L. Perry.

Ralph F. Miles, Hialeah, Fla., for defendant David Maynard.

August, Nimkoff & Gladstone, Pearson & Josefsberg, Jepeway, Gassen & Jepeway, Miami, Fla., for amicus curiae Dade County Bar Association.

## ORDER ADOPTING PLAN TO PROVIDE PRELIMINARY HEARINGS

KING, District Judge.

In its Opinion and Final Judgment in this cause entered October 12, 1971, 332 F.Supp. 1107, the Court directed defendants to submit a plan providing for preliminary hearings before a judicial officer in all criminal cases in Dade County wherein prosecution is to be upon direct information of the State Attorney. A single plan having been submitted, that being on behalf of Defendant E. Wilson Purdy, and the Court having provided all parties with the opportunity for oral argument regarding said plan, it is

Ordered and adjudged:

I. That the aforesaid plan, as modified by the Court, shall be the official plan for implementation of the Court's

final judgment, said modified plan being as follows:

1. The purpose of this plan is to provide every arrested person (hereinafter defendant) who is to be proceeded against by direct information of the State Attorney immediate access to a committing Magistrate who shall conduct a first appearance hearing for the following purposes: (A) To advise the defendant of the charges against him; (B) To advise the defendant of his rights under the Constitution of the United States and the Constitution of the State of Florida; (C) To appoint counsel if the defendant is indigent; (D) To set a date and time for a preliminary hearing to determine whether there is probable cause that the defendant committed the offense with which he is charged.

2. All proceedings will be conducted pursuant to Florida Statutes, the Florida Rules of Criminal Procedure and the applicable case law.

3. All arrested persons who are subject to "booking" will be booked at the Metropolitan Dade County Jail.

4. All officers who make an arrest, with or without a warrant, shall immediately take the arrested person, or where that is not feasible cause him to be taken, before a Magistrate for a first appearance hearing. Absent extreme circumstances said hearing shall take place within three (3) hours of the time the defendant is taken into custody.

5. The Chief Judge for the Eleventh Judicial Circuit in and for Dade County shall designate sufficient Judges, who will sit as a committing magistrate division.

6. A committing magistrate will be available for first appearance hearings on a twenty-four (24) hour basis seven (7) days per week.

7. All first appearance hearings will be held in the courtroom or chambers of the designated committing magistrate.

8. At the first appearance hearing the magistrate will set the time and place for a preliminary hearing to determine whether there is probable cause to hold the defendant for trial. If both the State of Florida, represented by the office of the State Attorney, and the defendant, properly represented by counsel, are prepared to proceed with the preliminary hearing, the magistrate shall immediately conduct such a hearing. If either party is not prepared for the preliminary hearing said hearing shall not be set to take place within a period of twenty-four (24) hours after the first appearance hearing unless the parties agree to a time within that period. Except in extreme circumstances the preliminary hearing will be set to take place not more than four (4) days after the first appearance hearing for all defendants who are unable to post bond and do not qualify for the Pre-Trial Release Program and not more than ten (10) days after the first appearance hearing for all other defendants.

9. A defendant may waive his right to a preliminary hearing or agree to a hearing date that is later than the time hereinabove set forth, provided that such a waiver is signed by the accused and his legal counsel, if any.

10. There will be provided sufficient assistant state attorneys available at the first appearance hearing and at the preliminary hearing to assist officers in drafting the charges against the arrested person and to otherwise represent the position of the State of Florida at said proceedings.

11. There will be provided sufficient assistant public defenders to represent, both at the first hearing and at the preliminary hearing, those persons who are entitled to public representation.

12. The magistrate shall allow the defendant a reasonable time to obtain counsel and for such purposes shall, if necessary, postpone setting the preliminary hearing for a period not to exceed forty-eight (48) hours. He shall also, upon request of the defendant, require an officer to communicate a message to such counsel in Dade County as the defendant may name. The officer shall with diligence and without cost to the

defendant perform that duty. If the defendant desires private counsel and private counsel cannot be obtained within a reasonable time the magistrate shall continue the cause and release the defendant on his own recognizance, in the custody of another or on bond, or the magistrate may order incarceration of the defendant. If incarceration is ordered, the magistrate must immediately schedule a preliminary hearing to be held within four (4) days. If the magistrate finds the defendant to be indigent, he shall appoint a public defender to represent him.

13. Upon information or complaint under oath the magistrate may arraign the defendant and may accept a plea of guilty or nolo contendere to any offense within the jurisdiction of the Court. If the charged offense is not within the jurisdiction of the Court the magistrate shall set a hearing for the purpose of accepting the plea before a Court with appropriate jurisdiction.

14. Preliminary hearings may be held in any court of competent jurisdiction, such location is to be set by the magistrate at the time of the first appearance hearing.

15. The magistrate, where he has appropriate jurisdiction, may, upon appropriate plea, sentence any defendant either at the first appearance or at the preliminary hearing.

16. If, at the time of the preliminary hearing, it appears to the magistrate that there is probable cause that an offense has been committed and that the defendant committed it, the magistrate shall forthwith order the defendant to answer to the Court having trial jurisdiction; otherwise the magistrate shall discharge the defendant.

17. If the magistrate discharges the defendant, the defendant shall not be required to answer to a subsequent charge for the same offense(s) except upon an indictment by the Grand Jury which shall have been returned within thirty (30) days of the defendant's discharge.

18. If the magistrate orders the defendant to answer to the Court having trial jurisdiction, he may release the defendant on his own recognizance, in the custody of another, or on bond, or he may order the defendant to be incarcerated. For purposes of the preliminary hearing the magistrate shall issue such process as may be necessary to secure the attendance of witnesses within the state for the state or the defendant. All witnesses shall be examined in the presence of the defendant and may be cross examined. At the conclusion of the testimony for the prosecution, the defendant shall, if he so elects, be sworn and testify in his own behalf and in such a case he shall be warned in advance by the magistrate that anything he may say can be used against him at a subsequent trial. He may be cross examined and whether he testified or not any witness produced by him shall be sworn and examined.

Prior to the examination of any witness in the cause the magistrate may, and on request of the defendant shall, exclude from the courtroom all other witnesses who have not yet testified. The magistrate may cause the witnesses to be kept separate and prevented from communicating with one another until all are examined.

At the request of the prosecuting attorney or the defense attorney the testimony of the witnesses and the defendant, if he testified, shall be recorded verbatim stenographically or by mechanical means and shall be transcribed, and furnished to the requesting attorney. If the testimony or any part thereof is transcribed at the request of either party, a copy of such testimony shall be furnished at cost to the other party. If the defendant is indigent, transcriptions shall be furnished free of cost upon request by the defense attorney.

When the magistrate has discharged the defendant or held him to answer he shall transmit within forty-eight (48) hours thereafter to the clerk of the court having trial jurisdiction of the of-

fense the following information as applicable:

(a) The name of the incarcerated person awaiting trial, the date of incarceration and the charge.

(b) The complaint and the warrant.

(c) The written testimony of the witnesses if transcribed and filed.

(d) The recognizance or undertaking for the appearance of the defendant.

(e) A copy of the order discharging or holding the defendant.

(f) Every article, writing, money or other exhibits received in evidence provided, however, that such article, writing, money or other exhibits so used in evidence before said magistrate may be returned to the owner thereof upon a written order of the magistrate unless the State objects thereto in which case the trial Court will resolve the issue.

19. The following sanctions shall be imposed for failing to bring the defendant before a committing magistrate and/or for failure to hold a preliminary hearing:

(1) If, within twenty-four (24) hours after a defendant's arrest, a first appearance has not been held and/or a magistrate has not set bail for a defendant charged with an offense bailable as of right, the defendant shall immediately be released on his own recognizance.

(2) If a defendant is not afforded a preliminary hearing within the applicable period set forth in paragraph (8) herein and the hearing is not properly postponed or waived, then all charges shall be withdrawn and the defendant, if incarcerated, shall immediately be released. The State shall be permitted to refile a charge so withdrawn, however, in the event a charge is twice withdrawn pursuant to this provision, the defendant shall not again be held to answer to that charge except upon an indictment of the Grand Jury returned within thirty (30) days of the date of the second withdrawal.

Postponements may be granted in accordance with the Florida Rules of Criminal Procedure after notice to the parties and an opportunity to be heard.

20. In case of conflict between this plan and applicable Florida Statutes, Florida case law, or the Florida Rules of Criminal Procedure the three last mentioned authorities will apply to the extent that they are not inconsistent with the Court's opinion and Final Judgment of October 12, 1971.

21. In order to accomplish the purposes of this plan the details herein may be altered as required to keep the system functioning without further approval by this Court.

22. This plan is not intended to apply to violations charged under the various municipal codes.

23. Each law enforcement agency will be responsible for the transportation of its own prisoners and it is not anticipated that this is a responsibility of Metropolitan Dade County.

24. This plan shall be put into effect within ninety (90) days from the date of this order.

II. The Motion of Defendant Gerstein for Rehearing and/or Clarification be and the same is hereby denied.