309 So.2d 544 (1975)
In re FLORIDA RULES OF CRIMINAL PROCEDURE.
No. 44958-A.
Supreme Court of Florida.
March 26, 1975.
PER CURIAM.
Appended to this order are amended and new rules of The Rules of Criminal Procedure.
These amendments and new rules are necessitated by the United States Supreme Court's decision construing the Florida Rules of Criminal Procedure in Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54, and its specific holding that "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint on liberty following arrest."
These rules shall govern all proceedings within their scope after 12:01 a.m., March 31, 1975. All conflicting rules and statutes are hereby superseded.
This Court has been required to act immediately in view of the aforementioned United States Supreme Court decision, without the usual petition and notice procedure. In adopting these rules, we consider them temporary in nature, and respectfully request the Criminal Procedure Rules Committee of The Florida Bar and other interested parties to file any appropriate suggestions or objections on or before May 5, 1975.
It is so ordered.
ADKINS C.J., and ROBERTS, BOYD, McCAIN, OVERTON and ENGLAND, JJ., concur.

RULE 3.040. COMPUTATION OF TIME
In computing any period of time prescribed or allowed by these rules, except Rules 3.130 and 3.131, by order of court, or by any applicable statute, the day of the act or event from which the designated period of time begins to run is not to be included. The last day of the period so computed shall be counted, unless it is Saturday, Sunday or legal holiday, in which event the period shall run until the end of a next day which is neither a Saturday, Sunday nor a legal holiday. When the period of time prescribed or allowed shall be less than 7 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.

Comment:
Italicized portion is the only change. The effect is to remove the 72-hour provision of proposed Rule 3.131 from the Saturday, Sunday, and legal holiday exception.

RULE 3.131. PRETRIAL PROBABLE CAUSE DETERMINATIONS AND ADVERSARY PRELIMINARY HEARINGS

(a) Nonadversary Probable Cause Determination.

(1) Defendants in Custody. In all cases where the defendant is in custody, a nonadversary probable cause determination shall be held before a magistrate within 72 hours from the time of the defendant's arrest; provided, however, that this proceeding shall not be required when a probable cause determination has been previously made by a magistrate and an arrest warrant issued for the specific offense for which the defendant is charged. The magistrate for good cause may continue the proceeding for not more than 24 hours beyond the above 72-hour period. This determination shall be made if the necessary proof is available at the time of the first appearance as required under Rule 3.130, but the holding of this determination at said time shall not affect the fact that it is a nonadversary proceeding.
(2) Defendants on Pretrial Release. A defendant who has been released from custody *545 before a probable cause determination is made and who is able to establish that his pretrial release conditions are a significant restraint on his liberty may file a written motion for a nonadversary probable cause determination setting forth with specificity the items of significant restraint that a finding of no probable cause would eliminate. The motion shall be filed within 21 days from the date of arrest, and notice shall be given to the State. The magistrate shall, if he finds significant restraints on the defendant's liberty, make a probable cause determination within 7 days from the filing of the motion.
(3) Standard of Proof. Upon presentation of proof, the magistrate shall determine whether there is probable cause for detaining the arrested person pending further proceedings. The defendant need not be present. In determining probable cause to detain the defendant, the magistrate shall apply the standard for issuance of an arrest warrant, and his finding may be based upon sworn complaint, affidavit, deposition under oath, or, if necessary, upon testimony under oath properly recorded.
(4) Action on Determination. If probable cause is found, the defendant shall be held to answer the charges. If probable cause is not found or the specified time periods are not complied with, the defendant shall be released from custody unless an information or indictment has been filed, in which event the defendant shall be released on his or her own recognizance subject to the condition that he or she appear at all court proceedings, or shall be released under a summons to appear before the appropriate court at a time certain. Such release does not, however, void further prosecution by information or indictment but does prohibit any restraint on liberty other than appearing for trial. A finding that probable cause does or does not exist shall be made in writing, signed by the magistrate, and filed, together with the evidence of such probable cause, with the clerk of the court having jurisdiction of the offense for which the defendant is charged.

(b) Adversary Preliminary Hearing.

(1) When applicable. A defendant who is not charged in an information or indictment within 21 days from the date of his arrest or service of the capias upon him shall have a right to an adversary preliminary hearing on any felony charge then pending against him. The subsequent filing of an information or indictment shall not eliminate a defendant's entitlement to this proceeding.
(2) Process. The magistrate shall issue such process as may be necessary to secure attendance of witnesses within the state for the state or the defendant.
(3) Witnesses. All witnesses shall be examined in the presence of the defendant and may be cross-examined. Either party may request that the witnesses be sequestered. At the conclusion of the testimony for the prosecution, the defendant shall, if he so elects, be sworn and testify in his own behalf, and in such cases he shall be warned in advance of testifying that anything he may say can be used against him at a subsequent trial. He may be cross-examined in the same manner as other witnesses, and any witnesses offered by him shall be sworn and examined.
(4) Record. At the request of either party, the entire preliminary hearing, including all testimony, shall be recorded verbatim stenographically or by mechanical means, and at the request of either party shall be transcribed. If the record of the proceedings, or any part thereof, is transcribed at the request of the prosecuting attorney, a copy of this transcript shall be furnished free of cost to defendant or his counsel.
(5) Action on Hearing. If from the evidence it appears to the magistrate that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the magistrate *546 shall cause the defendant to be held to answer to the circuit court; otherwise, the magistrate shall release the defendant from custody unless an information or indictment has been filed, in which event the defendant shall be released on his or her own recognizance subject to the condition that he or she appear at all court proceedings, or shall be released under a summons to appear before the appropriate court at a time certain. Such release does not, however, void further prosecution by information or indictment but does prohibit any restraint on liberty other than appearing for trial.
A finding that probable cause does or does not exist shall be made in writing, signed by the magistrate, and, together with the evidence received in the cause, shall be filed with the clerk of the circuit court.

Comment:
This is a complete rewrite of the Preliminary Hearing Rule.

RULE 3.140. INDICTMENTS; INFORMATIONS
(g) Signature, Oath, and Certification; Information. An information charging the commission of a felony shall be signed by the state attorney, or a designated assistant state attorney, under oath stating his good faith in instituting the prosecution and certifying that he has received testimony under oath from the material witness or witnesses for the offense. An information charging the commission of a misdemeanor shall be signed by the state attorney, or a designated assistant state attorney, under oath stating his good faith in instituting the prosecution. No objection to an information on the ground that it was not signed or verified, as herein provided, shall be entertained after the defendant pleads to the merits.

Comment:
Italicized portions are the only changes.