**Robert PUGH and Nathaniel Henderson, on their own behalf and on behalf of all others similarly situated, Plaintiffs-Appellees,**

**Thomas Turner and Gary Faulk, on their own behalf and on behalf of all others similarly situated, Plaintiffs-Intervenors,**

v.

**James RAINWATER, Morton S. Perry, and Sidney Segall, Judges, etc., et al., Defendants-Appellants.**

No. 72–1585.

United States Court of Appeals, Fifth Circuit.

April 14, 1975.

Leonard R. Mellon, Asst. State's Atty., Barry Richard, Asst. Atty. Gen., Miami, Fla., for defendants-appellants.

Bruce S. Rogow, Miami, Fla., for Pugh & Henderson.

Phillip A. Hubbart, Public Defender of Dade Co., Miami, Fla., for Pugh.

Louis M. Jepeway, Jr., Peter L. Nimkoff, Miami, Fla., amicus curiae for Dade County Bar Ass'n.

Before BROWN, Chief Judge, and TUTTLE and INGRAHAM, Circuit Judges.

PER CURIAM:

This case was formerly decided by this Court sub nom. Pugh v. Rainwater, 5 Cir., 483 F.2d 778. The judgment of this Court was affirmed in part and reversed in part by the Supreme Court, Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54, decided February 8, 1975.

The Supreme Court's opinion affirmed that part of the judgment of this Court and of the trial court which held that the Fourth Amendment requires a timely judicial determination of probable cause as a prerequisite to detention of a prisoner arrested upon information filed by the state prosecutor. It reversed that part of the opinion and judgment of this Court and of the trial court which required an adversary hearing with the right to counsel, confrontation, cross-examination, and compulsory process for witnesses. The Court remanded the case for further proceedings "consistent with this opinion."

In light of the range of choices which the Supreme Court's opinion suggests as possibly meeting the requirements for the holding of a hearing to determine probable cause, we deem it appropriate to remand this issue to the trial court for its further consideration in light of the opinion of the Court.

The opinion and judgment of this Court heretofore entered is affirmed to the extent that it requires a timely judicial determination of probable cause as a prerequisite to detention. It is reversed to the extent that it required an adversary hearing as outlined in the district court's decree. The case is remanded for further proceedings consistent with this opinion.