Robert PUGH et al., Plaintiffs,

v.

James RAINWATER et al., Defendants.

No. 71–448–Civ.–JLK.

United States District Court,
S. D. Florida,
Miami Division.

Nov. 16, 1976.

Bruce S. Rogow, Miami, Fla., for plaintiffs.

Richard E. Gerstein, Miami, Fla., Leonard R. Mellon, Tallahassee, Fla., for defendants.

## ORDER ON REMAND

JAMES LAWRENCE KING, District Judge.

## I. PRESENT POSTURE OF THE CASE

This case is before the court upon remand from the United States Supreme Court and the United States Fifth Circuit Court of Appeals. In *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), the Supreme Court affirmed that part of the judgment of the Court of Appeals and of this court holding that the Fourth Amendment requires a timely judicial determination of probable cause to detain a state prisoner awaiting trial. The decision reversed that part of the judgment requiring an adversary hearing with the attendant rights to counsel, confrontation, cross-examination, and compulsory process of witnesses. The cause was remanded to the Court of Appeals and subsequently to this court for further proceedings consistent with the opinion in *Gerstein*. *Pugh v. Rainwater*, 511 F.2d 528 (5th Cir. 1975).

In *Gerstein* the Court recognized the "desirability of flexibility and experimentation by the States." 420 U.S. at 123, 95 S.Ct. at 868, 43 L.Ed.2d at 71, but did not decide the exact procedure required by the Fourth Amendment for probable cause determination. The Court said:

> Whatever procedure a State may adopt, it must provide a *fair and reliable* determination of probable cause as a condition for any significant pretrial restraint on liberty, and this determination must be made by a judicial officer either before or *promptly* after arrest. *Id.* at 124, 125, 95 S.Ct. at 868, 43 L.Ed.2d at 71, 72. (Emphasis added.)

Reacting to the *Gerstein* decision, the Supreme Court of Florida amended Rule 3.131 of the Florida Rules of Criminal Procedure. *In re: Florida Rules of Criminal Procedure*, 309 So.2d 544 (Fla.1975). In Dade County, Florida, a document called "Procedure for Preliminary Hearings" was adopted by local officials responsible for the operation of the criminal justice system in the county. Plaintiffs now contend that the local procedure violates the "fair and reliable, and prompt" test of *Gerstein*, and urge the court to declare the present system unconstitutional.

## II. THIS COURT HAS JURISDICTION TO REVIEW DADE COUNTY'S PROCEDURE FOR PROBABLE CAUSE DETERMINATIONS

At threshold, the State of Florida argues that this court does not have jurisdiction to

review the present practices in Dade County because none of the named plaintiffs have been processed under the new statewide rule of criminal procedure and thus they have no standing to attack the validity of the rule.

■ Plaintiffs, however, do not attack Fla.R.Crim.P. 3.131 or seek declaratory or injunctive relief as to that rule. They seek declaratory relief against the local implementation of the state-wide rule in Dade County. As the Court noted in *Gerstein*,

[t]his case belongs, however, to that narrow class of cases in which the termination of a class representative's claim does not moot the claims of the unnamed members of the class. * * * The attorney representing the respondents is a public defender, and we can safely assume that he has other clients with a continuing live interest in the case. 420 U.S. at 110, 111, 95 S.Ct. at 861, 43 L.Ed.2d at 63, n. 11.

Therefore, the unnamed members of plaintiff's class have standing to attack the constitutionality of Dade County's method of determining probable cause to detain.

### III. THE PRESENT PROCEDURE IN DADE COUNTY

The procedure presently being utilized in the conduct of preliminary hearings is as follows.[1] Within twenty-four hours of arrest, a defendant in custody is brought before a magistrate for a first appearance hearing, during which the magistrate determines probable cause from a complaint affidavit that is filed by the arresting officer. If the affidavit shows probable cause on its fact, it is so stamped. A non-adversary probable cause hearing is then set for fifteen days from the date of the first appear-

ance. If the complaint affidavit does not show probable cause on its face, the officer is required to come before the court, usually within 72 hours, and provide sworn testimony to establish probable cause. If probable cause is established with the officer's oral testimony, the future non-adversary hearing is obviated.

At the non-adversary hearing, the state is required to present the material witnesses to the offense to give sworn testimony before the magistrate. If these witnesses are absent or ill, the magistrate will receive their sworn affidavits.

### IV. THE USE OF HEARSAY AFFIDAVITS TO DETERMINE PROBABLE CAUSE TO DETAIN IS NOT PER SE VIOLATIVE OF THE FOURTH AND FOURTEENTH AMENDMENTS

The plaintiffs attack the use of hearsay affidavits under existing state procedures as the sole method of proof at the first appearance-probable cause hearing. The affidavits furnished to the magistrate by the police officers contain a recital of statements of third parties usually given at the scene of the offense. Plaintiffs contend that hearsay affidavits are the least reliable type of evidence and do not meet the "fair and reliable" prong of the *Gerstein* test.[2] The plaintiffs assert that the use of hearsay affidavits to determine probable cause to detain is per se unconstitutional. This argument has been rejected by the Supreme Court.

■ The standard of probable cause to detain is the same as that for arrest. *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). "That standard—probable cause to believe the suspect has committed a crime—traditionally has been decided

---

1. All evidence concerning the Dade County procedure which was presented at the evidentiary hearing was introduced by plaintiffs. The defendants cross-examined witnesses for the plaintiff but did not elect to present any evidence in rebuttal. Following a subsequent hearing, defendant Gerstein submitted a blank copy of a felony complaint affidavit.

2. Plaintiffs assert that the four methods of conveying information to the magistrate determining probable cause in descending order of reliability are (1) live, eyewitnesses, sworn testimony, (2) sworn affidavits of eyewitnesses, (3) live, hearsay, sworn testimony of the officer/affiant, and (4) written hearsay affidavits.

by a magistrate in a non-adversary proceeding on hearsay and written testimony, and the court has approved these informal modes of proof." *Id.* at 120, 95 S.Ct. at 866, 43 L.Ed.2d at 69.

■ In turn, the standard of probable cause is essentially the same as the standard for issuance of search and arrest warrants, *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Giordenello v. United States,* 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958); *United States v. Brouillette,* 478 F.2d 1171 (5th Cir. 1973); and the Supreme Court has held that an affidavit for an arrest or search warrant may be based on hearsay. *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). Although there are important limitations on the use of hearsay affidavits, as discussed below, the court finds their use by a magistrate to determine probable cause to detain constitutionally permissible.[3]

**3.** *See also* Fed.R.Crim.P. 5.1(a); Uniform Rules of Criminal Procedure 311, 221(c) (1974); A.L.I. Model Code of Prearraignment Procedure (Tent.Draft No. 5A 1973) § 310.2(2).

**4.** Those defendants who then could not post bond or meet other conditions of pretrial release would, by the Dade County procedure, continue to be incarcerated from 15 to 18 days until probable cause was tested again at the more formal non-adversary hearing.

**5.** The blank affidavit form submitted by defendant Gerstein (note 1, *supra* ) does nothing to alleviate these shortcomings. The back side of the form lists spaces for *additional* witnesses, for use presumably when the space provided for witnesses on the front side is insufficient. Plaintiff did not submit the back sides of the forty-nine affidavits. However, the affidavits submitted by plaintiffs which were defective for not listing eyewitnesses (*e. g.,* note 6, *infra* ) were not filled out on the front side in the spaces provided for "witnesses against defendant." If in fact witnesses were listed on the back side, the defendants have not submitted the back sides of *those* affidavits in rebuttal. Additionally, the blank affidavit form is not pertinent to the other shortcomings discussed *infra.*

## V. THE USE OF HEARSAY AFFIDAVITS TO DETERMINE PROBABLE CAUSE TO DETAIN AS PRACTICED IN DADE COUNTY VIOLATES THE FOURTH AND FOURTEENTH AMENDMENTS

The forty-nine complaint affidavits introduced in evidence during the most recent evidentiary hearings in this case, were filed before state magistrates during the period August 25, 1975 through September 9, 1975. In each case the state magistrate found probable cause solely from the facts contained in the affidavit.[4] In each instance, the officer related to the magistrate, by affidavit, information he had learned from conversations with witnesses. Serious shortcomings exist in these complaint affidavits.[5] In some cases, the affidavit does not disclose the names of the eyewitnesses to the offense [6] or indicate from whom the officer received his information.[7] None of the affidavits disclose any indicia of the credibility of the witness. Some affidavits are insufficient in that they do not disclose enough of the underlying facts to allow the magistrate to make his independent determination that *an* offense has probably occurred,[8] while others do not sufficiently

**6.** *See e. g.,* policeman's affidavit concerning defendant Dennis Peek in Petitioner's Exhibit No. 1, ("Exhibit"). The affidavit lists no witnesses and simply states: "The victem [sic] was talking to the above Subj. when the above Subj. struck the victem [sic] several times about the body then removed $21.00 U.S. Currency from the Victem's [sic] pockets."

**7.** Affidavit concerning defendant Gerardo D. Fernandez in Exhibit. The affidavit lists the arresting officer as a witness, however the complaint shows that the officer must have gotten his information from an unnamed person. It states: "Subj. did enter locked premises (851 E.2d Ave.) and gather valuables worth in excess of $100.00 into a suitcase when apprehended by residenses [sic] owner inside said premises."

**8.** Affidavit concerning defendant Leslie A. Crowther, in Exhibit. The affidavit states: "The above Subject was observed to enter a vehicle at 8260 S.W. 26 Street and remove a stereo set and miscellaneous tools subsequently arrested."

show that the offense *charged* probably occurred.[9]

In *Gerstein,* the Court held that the Fourth Amendment "requires a judicial determination of probable cause as a prerequisite to extended restraint on liberty following arrest." 420 U.S. at 114, 95 S.Ct. at 863, 43 L.Ed. at 65. The court reasoned:

> When the stakes are this high, the detached judgment of a neutral magistrate is essential if the Fourth Amendment is to furnish meaningful protection from unfounded interference with liberty. *Id.*

Clearly, the role of the magistrate under our system of criminal justice is crucial.

The Supreme Court has earlier discussed the magistrate's role in determining probable cause from an affidavit. The magistrate

> must judge for himself the persuasiveness of the facts relied on by a complaining officer to show probable cause. He should not accept without question the complainant's mere conclusion that the person whose arrest is sought has committed a crime. *Giordennello v. United States,* 357 U.S. at 486, 78 S.Ct. at 1250, 2 L.Ed.2d at 1509 (1958).

In *Beck v. Ohio,* 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142, the Court, commenting upon a court's obligation to determine if probable cause exists, said:

> [I]t is the function of a court to determine whether the facts available to the officers at the moment of arrest would

"warrant a man of reasonable caution in the belief" that an offense has been committed. *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543. *If the court is not informed of the facts upon which the officers acted it cannot properly discharge that function.* 379 U.S. at 96, 85 S.Ct. at 228, 13 L.Ed.2d at 148. (Emphasis added.)

When the affidavit from which the magistrate must determine probable cause is based on hearsay, additional requirements are imposed. In *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), the Court held that an affidavit for a search warrant may be based on hearsay as long as there is a substantial basis for crediting the hearsay. Four years later, in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), the Court fashioned a two-pronged test. The Court held that although an affidavit may be based on hearsay information and need not reflect the personal observation of the affiant, the affidavit must disclose to the magistrate some of the underlying circumstances from which the informant concluded that the accused committed a crime and, it must inform the magistrate of some of the underlying circumstances from which the affiant concluded that the informant was credible or his information reliable.[10]

■ Under present procedures in Dade County the affidavits being used at first appearances are fatally defective in that they do not inform the magistrate of any

---

9. Affidavit concerning defendant Leroy Martin, in Exhibit. The complaint shows that Martin was charged with breaking and entering and grand larceny. The affidavit states: "Subject observed by witness going in and out of 1666 N.W. 7 Ave. Witness further states that he observed the subject carrying the radio to the service station at 1501 N.W. 7th Ave. Positive identification of subject n/m Martin, made by witness w/m Palenzuila. N/M Martin at time of arrest had white paint mark on r/arm. Owner of business states that he locked his business at 1300 hours this date and that the items were stolen from his business. Subject advised of his rights."

10. *See also,* A.L.I. Model Code of Pre-Arraignment Procedure, (Tent.Draft No. 5A 1973) § 310.4: "If testimony or an affidavit presented

at the hearings provided for in this Article 310 is based on hearsay the court shall determine whether there is a substantial basis for believing the source of the hearsay to be credible and for believing there is a factual basis for the information furnished." *See Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *United States v. Harris,* 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971). Although the Court in *Harris* receded from part of *Spinelli,* which had followed and amplified *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), it did not question the holding of *Aguilar,* and it endorsed the "substantial basis for crediting the hearsay" test of *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).

basis upon which the officer found the witnesses to be credible or their information reliable. The arresting officer in these situations usually has had no prior dealings with the witnesses. However, he does nevertheless make common sense determinations of the involvement, mental state, bias, or lack of bias, of the eyewitnesses. Furthermore, he does make his own independent investigation at the scene, which would tend to corroborate or fail to corroborate the witness's story. In short, the arresting officer *does* make determinations of the credibility of the witnesses, but in Dade County the officers are not informing the magistrate in the affidavits of the basis for their determinations.

As stated earlier, the affidavits do not state the underlying circumstances adequately so as to inform the magistrate that any offense probably occurred or that a particular offense probably occurred.

The determinations of probable cause are made solely from the face of these deficient affidavits and do not meet the "fair and reliable" prong of the *Gerstein* test. The next test of probable cause comes at the non-adversary hearing, 15 days after the first appearance and thus does not meet the "prompt" prong of the *Gerstein* test.

Dade County's existing procedures provide a method for buttressing an insufficient affidavit through the taking of oral testimony before a magistrate. This procedure, if followed would not be violative of the Fourth Amendment. It is clear however, that oral testimony is rarely, if ever, taken by the magistrate. In actual practice the defendants rely upon deficient hearsay affidavits as the sole method of determining probable cause to detain. This practice is unconstitutional in that it is not "fair and reliable." It is therefore,

ORDERED and ADJUDGED that the defendant, Dade County, develop a written procedure for the determination of probable cause to detain consistent with the requirements of *Gerstein v. Pugh* and this order, to be filed with this court on or before December 19, 1976.

The court retains jurisdiction for further enforcement of this decree.