Edward BROWN et al.,
Plaintiffs-Appellants,

v.

Robert E. L. CULPEPPER, Jr., Superior Court Judge of the South Georgia Judicial Circuit, et al., Defendants-Appellees.

No. 77–1652
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 16, 1977.

Rehearing Denied Oct. 26, 1977.
See 561 F.2d 1177.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Herbert E. Phipps, C. B. King, Albany, Ga., Charles Stephen Ralston, New York City, for plaintiffs-appellants.

Frank S. Twitty, Camilla, Ga., for defendants-appellees.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

AINSWORTH, Circuit Judge:

This is an appeal of the district court's denial of plaintiffs' request for attorneys' fees as prevailing parties in a jury discrimination civil rights action. Plaintiffs made their request pursuant to 42 U.S.C. § 1988 (1970), *as amended by* the Civil Rights Attorney's Fees Awards Act of 1976, Pub.L. No.94–559, § 2, 90 Stat. 2641 (codified at 42 U.S.C.A. § 1988 (Cum.Supp.1977)), which provides that in certain proceedings to vindicate civil rights, the district court in its discretion may award the prevailing party a reasonable attorney's fee as part of the litigation costs.[1] This appeal presents three issues: (1) Are plaintiffs "prevailing par-

---

1. Section 1988, as amended, states in full:

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this chapter and Title 18, for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty. In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

ties" within the meaning of section 1988? (2) If so, are plaintiffs entitled to attorneys' fees under section 1988 when defendants' unconstitutional activities resulted from negligence and not from intentional conduct? (3) Are defendants state superior court judge and state superior court clerk proper parties in this action?

## I. The Facts

On June 23, 1976, plaintiffs-appellants—black and female residents and registered voters of Mitchell County, Georgia—sued under the Fourteenth Amendment, 42 U.S.C. §§ 1981, 1983 (1970), 42 U.S.C. § 1988, *as amended*, the Civil Rights Attorney's Fees Awards Act of 1976, and 18 U.S.C. § 243 (1970), seeking correction of the allegedly unconstitutional composition of grand and traverse juries in Mitchell County. The suit was brought as a class action on behalf of all black and female citizens qualified to be chosen for service on grand and traverse juries in Mitchell County without discrimination because of race and sex. Plaintiffs sought injunctive relief to obtain the appointment of blacks and women to serve as both grand and traverse jurors in sufficient numbers to represent reasonably the numbers of qualified black and women potential jurors in the county. Named as defendants were the presiding Superior Court Judge of the South Georgia Judicial Circuit, the Clerk of the Superior Court, the Mitchell County Jury Commission, and the six members of the Jury Commission, all in their individual and official capacities.

Plaintiffs alleged that defendants-appellees had disproportionately disqualified blacks and women for service on Mitchell County grand and traverse juries, thus violating plaintiffs' civil rights.[2] At a hearing on July 27, 1976, defendants admitted that both the grand and traverse jury lists for Mitchell County were unconstitutionally composed.[3] The district court then entered an order enjoining defendants from using the lists and directing them to prepare new ones. Defendants complied and, after determining that the new lists were constitutionally composed, the court dissolved its injunction.

After the court had approved the jury list revision, plaintiffs moved for an award of attorneys' fees (plus costs and expenses) pursuant to 42 U.S.C. § 1988, *as amended*, the Civil Rights Attorney's Fees Awards Act of 1976.[4] Defendants objected on several grounds. On March 2, 1977, the district court denied plaintiffs' request, stating:

> While attorney's fees are awardable, their award is discretionary and not mandatory. Having carefully considered this case and noted that the admitted unconstitutional state of affairs results from negligence and not intentional misconduct, the court in the exercise of its discretion declines to award attorney's fees.

Record at 58. Plaintiffs now appeal.

## II. The "Prevailing Party" Issue

█ It is clear beyond question that section 1988 as amended applies to suits

---

**2.** With respect to grand jury membership, plaintiffs alleged that, although women represented 55 per cent of the population of Mitchell County, only 51 of the 434 persons on the grand jury list were women. Similarly, although blacks allegedly represented 43 per cent of the population eligible for jury service, only 32 of the 434 persons on the grand jury list were black. Plaintiffs made similar allegations with respect to the traverse jury list.

**3.** Counsel for defendants stated that the jury commissioners, two of whom were black, "have tried in every possible way" to establish valid jury lists and that one of the commissioners exclaimed that he was "dumbfounded" when he learned that there were no more blacks on the lists. "[E]ven though they [the

commissioners] were conscientious in trying to do a good job," stated defendants' counsel, "they fell short of the requirements that have been set down by the Federal Courts . . ." Record at 62–63.

**4.** Along with the motion plaintiffs' counsel filed affidavits setting forth their experience and the number of hours spent in the litigation. One of the attorneys, Herbert E. Phipps, stated that he worked 29.25 hours and requested an attorney fee of $65 per hour, or $1,901.25, plus costs and expenses. The other attorney, Charles Stephen Ralston, stated that he worked 5 hours and requested an attorney fee of $75 per hour, or $375, plus costs and expenses. Record at 41–50.

brought pursuant to 42 U.S.C. §§ 1981 and 1983 (1970). Section 1988 states in part that "[i]n any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Because an action for an injunction to redress the unconstitutional composition of grand and petit juries lies under 42 U.S.C. § 1983 (1970), *see Carter v. Jury Commission*, 396 U.S. 320, 90 S.Ct. 518, 24 L.Ed.2d 549 (1970), section 1988 is applicable here.

■ Defendants argue, however, that because the parties settled this litigation by voluntary agreement, plaintiffs cannot be considered "prevailing parties" for the purpose of an award of attorneys' fees under section 1988. The legislative history of the Civil Rights Attorney's Fees Awards Act of 1976, Pub.L.No.94–559, § 2, 90 Stat. 2641 (codified at 42 U.S.C.A. § 1988 (Cum.Supp. 1977)), the recent amendment to section 1988, indicates otherwise. The Senate Report accompanying S. 2278, the bill which Congress eventually passed instead of the House bill, states:

> Moreover, for purposes of the award of counsel fees, parties may be considered to have prevailed when they vindicate rights through a consent judgment or without formally obtaining relief. *Kopet v. Esquire Realty Co.*, 523 F.2d 1005 (2d Cir. 1975), and cases cited therein; *Parham v. Southwestern Bell Telephone Co.*, 433 F.2d 421 (8th Cir. 1970); *Richards v. Griffith Rubber Mills*, 300 F.Supp. 338 (D.Ore. 1969); *Thomas v. Honeybrook Mines, Inc.*, 428 F.2d 981 (3d Cir. 1970); *Aspira of New York, Inc. v. Board of Education of the City of New York*, 65 F.R.D. 541 (S.D.N.Y.1975).

S.Rep.No.94–1011, 94th Cong.2d Sess. 5, *reprinted in* [1976] U.S.Code Cong. & Admin. News, pp. 5908, 5912. We find, therefore, that plaintiffs are "prevailing parties" within the meaning of section 1988.

## III. Negligence v. Intentional Conduct

Our inquiry does not end here, however. Defendants assert that an award of attorneys' fees under section 1988 is within the discretion of the district court, and that the court was correct in denying an award in this case because defendants' misconduct was merely negligent and not intentional or in bad faith.

The legislative history of the Civil Rights Attorney's Fees Awards Act of 1976 once again provides guidance. In amending section 1988, Congress sought "to remedy anomalous gaps in our civil rights laws" created by *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). S.Rep.No.94–1011, *supra*, at 1, *reprinted in* [1976] U.S. Code Cong. & Admin.News, pp. 5908, 5909. There the Supreme Court held that only Congress, and not the courts, can specify which statutes are important enough to merit the allowance of attorneys' fees to the prevailing party under the "private attorney general" approach to enforcement. Recognizing the inconsistency of awarding attorneys' fees in civil rights actions brought, for example, under Titles II and VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a–3(b) and 2000e–5(k) (1970 & Supp. V 1975), but, after *Alyeska*, not in the same actions if they were brought under 42 U.S.C. §§ 1981 or 1983 (1970), Congress amended section 1988. *See* S.Rep.No. 94–1011, *supra*, at 4, *reprinted in* [1976] U.S.Code Cong. & Admin.News, pp. 5908, 5911. Indeed, the Senate Report states:

> It is intended that the standards for awarding fees be generally the same as under the fee provisions of the 1964 Civil Rights Act. A party seeking to enforce the rights protected by the statutes covered by S. 2278, if successful, "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968).

*Id., reprinted in* [1976] U.S.Code Cong. & Admin.News, pp. 5908, 5912 (footnote omitted).

■ No such "special circumstances" exist in this case. In Title II and Title VII cases the Fifth Circuit has held that the defendant's conduct, be it negligent or intentional, in good faith or bad, is irrelevant to an award of attorneys' fees. *See Johnson v. Combs*, 5 Cir., 1972, 471 F.2d 84, 86, *cert. denied*, 413 U.S. 922, 93 S.Ct. 3063, 37 L.Ed.2d 1044 (1973); *Rowe v. General Motors Corp.*, 5 Cir., 1972, 457 F.2d 348, 359–60 & n. 26; *Miller v. Amusement Enterprises*, 5 Cir., 1970, 426 F.2d 534. *See also Norwood v. Harrison*, N.D.Miss.1976, 410 F.Supp. 133, 141 (attorney's fee provision of the Emergency School Aid Act of 1972, 20 U.S.C. § 1617 (Supp. V 1975)). We now hold that, consistent with congressional intent, the same standard should apply to section 1988. The district court therefore erred when it denied plaintiffs' request for attorneys' fees because defendants had not acted intentionally. As the Supreme Court emphasized in *Newman v. Piggie Park Enterprises*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968) with respect to Title II, the "broad" purpose of the counsel fees provision is "to encourage individuals injured by racial discrimination to seek judicial relief". This is no less true with respect to section 1988. *See* S.Rep.No.94–1011, *supra*, at 2, *reprinted in* [1976] U.S. Code Cong. & Admin.News, pp. 5908, 5910. We agree that

> [i]f the cost of private enforcement actions becomes too great, there will be no private enforcement. If our civil rights laws are not to become mere hollow pronouncements which the average citizen cannot enforce, we must maintain the traditionally effective remedy of fee shifting in these cases.

*Id.* at 6, *reprinted in* [1976] U.S.Code Cong. & Admin.News, pp. 5908, 5913.

### IV. Proper Parties

■ Finally, we consider the question of whether defendant Judge Culpepper and defendant Clerk of the Superior Court are proper parties in this action. We hold that they are not. Judge Culpepper, as the senior Superior Court Judge of the South Georgia Judicial District, is directly responsible only for the appointment of jury commissioners and not for the actual compilation and revision of jury lists. *See* Ga.Code Ann. §§ 59–101, –106, –107 (1965 & Cum. Supp.1976). Similarly, the Superior Court Clerk for the South Georgia Judicial District, who also serves as Clerk of the Mitchell County Jury Commission, is responsible only for "clerical duties" in connection with the jury commission's activities. *Id.* § 59–104 (1965). Accordingly, in the instant case these two officials should not be included in an award of attorneys' fees.

■ For the above reasons, the order of the district court denying plaintiffs' request for attorneys' fees under 42 U.S.C. § 1988 (1970), *as amended*, the Civil Rights Attorney's Fees Awards Act of 1976, is reversed. After carefully reviewing affidavits of plaintiffs' attorneys setting forth their experience, the number of hours spent in this litigation, and their suggested hourly rate, *see* note 4 *supra*, we have determined that plaintiffs should be awarded reasonable attorneys' fees in the amount of $2,276.25, the amount requested by plaintiffs' counsel. Judgment must be entered accordingly.

AFFIRMED IN PART; REVERSED IN PART; REMANDED for entry of judgment not inconsistent with this opinion.