William A. FAIN, Jr., Plaintiff,

v.

CADDO PARISH POLICE JURY and Members thereof, et al.,
Defendants-Appellees,

v.

Louis PENDLETON,
Intervenor-Appellant.

No. 76–1594.

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 1977.

Richard B. Sobol, Washington, D. C., for intervenor-appellant.

John A. Richardson, Dist. Atty., Lawrence M. Johnson, Stephen A. Glassell, Asst. Dist. Attys., Shreveport, La., for defendants-appellees.

William A. Fain, pro se.

Gard Wayt, pro se.

Before BROWN, Chief Judge, and GEWIN and TJOFLAT, Circuit Judges.

PER CURIAM:

I

This case involves an appeal from an attorney's fee award in a voting rights case. Following proceedings to implement a non-dilutionary voting apportionment plan, appellant Pendleton, as a prevailing party below, sought to recover an attorney's fee pursuant to 42 U.S.C. § 1973*l*(e).[1] Although the parties stipulated to the fact that counsel, Stanley Halpin, had spent 116 hours in connection with the services for which he sought compensation, the district judge awarded him only $1,000.

Much of the time spent by counsel went towards the formulation of a voting apportionment plan.[2] Also working on such a plan was a special master appointed by the trial court. Although several proposed plans were submitted for the court's consideration, Halpin did not submit a proposal, rather, he concurred in the one prepared by

---

1. In any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendment, the court, in its discretion, may allow the prevailing party, other than the United States a reasonable attorney's fee as part of the costs.

2. Perhaps the most significant aspect of counsel's involvement lies in his successful opposition to an apportionment plan submitted by the appellee for implementation. It was after this plan was rejected by the court that counsel undertook to formulate a plan on behalf of his client.

the special master. The plan submitted by the special master was selected for implementation. In fixing the amount of Halpin's award the court expressly relied on only one finding.

Considering that the vast majority of work done in connection with the reapportionment of the Caddo Parish Police Jury was accomplished by the Special Master appointed herein, and by the Court itself, we conclude that a fee of One Thousand Dollars for the attorney for the plaintiffs-intervenors herein would be entirely adequate. (R. 685).

## II

 It is beyond dispute that pursuant to 42 U.S.C. § 1973*l*(e) the appellant was entitled to recover a *reasonable* attorney's fee.[3] Yet, the award made breaks down to the minimal amount of $8.62 per hour. Without suggesting what would constitute a reasonable attorney's fee in this case,[4] we must reverse the award because in fixing the fee the district judge failed expressly to consider the factors enumerated in *Johnson v. Georgia Highway Express Co.*, 488 F.2d 714 (5th Cir. 1974). In *Rainey v. Jackson State College*, 551 F.2d 672 (5th Cir. 1977), we listed these twelve factors as follows:

(1) the time and labor required,

(2) the skill requisite to properly perform the legal services,

(3) preclusion of other employment by the attorney due to acceptance of the case,

(4) the novelty and difficulty of the questions presented,

(5) the customary fee,

(6) whether the fee is fixed or contingent,

(7) time limitations imposed by the client,

(8) the amount involved and the results obtained,

(9) the experience, reputation and ability of the attorneys,

(10) the undesirability of the case,

(11) the nature and length of the professional relationship with the client,

(12) awards in similar cases. *Id.* at 676.

The district court's order fixing Halpin's fee indicates on its face that the court failed to consider any of these factors. Of particular concern to us is that the district judge apparently gave no consideration to the time spent by Halpin. As we said in *Rainey*: ". . . *Johnson* compels that time spent must be given real consideration as a factor." *Id.* at 677.

 Not only must a district judge actually consider these factors, but he must expressly indicate on the record that he has done so. *See, e. g., Wolf v. Frank*, 555 F.2d 1213 (5th Cir. 1977); *Miller v. Mackey International, Inc.*, 515 F.2d 241 (5th Cir. 1975) (wherein the court criticized an attorney's fee award stating "there was scant explication of the [district] court's application of the guidelines that we took pains to formulate [in Johnson]." *Id.* at 242.) Without such explication "appellate review of the award becomes a meaningless gesture." *Matter of First Colonial Corp. of America*, 544 F.2d 1291, 1301 (5th Cir. 1977).

3. Appellee, in its brief, questions whether the appellant was a prevailing party within the meaning of 42 U.S.C. § 1973*l*(e). He suggests that no attorney's fee award was in order. Because the appellee did not appeal from the judgment below and improperly raised the issue for the first time in its brief the question is not properly before this court. *See Colvin v. Dempsey*, 477 F.2d 1283 (5th Cir. 1973); *United States v. Yorfino*, 412 F.2d 329 (5th Cir. 1969). In any event, we note that in preventing the implementation of the objectionable plan the appellant "prevailed on an important matter in the course of litigation . . . ." *Panior v.*

*Iberville Parish School Board*, 543 F.2d 1117, 1119 (5th Cir. 1976). Thus, whether or not appellant may be viewed as having prevailed on all trial issues, he was a prevailing party for present purposes. *Id.*

4. We could, of course, make an award of attorney's fees. *Davis v. Board of School Commissioners*, 526 F.2d 865 (5th Cir. 1976). Because of his proximity to the services for which the fee is requested we prefer to allow that determination to be made by the district judge. *See Weeks v. Southern Bell Telephone and Telegraph Co.*, 467 F.2d 95 (5th Cir. 1972).

■ Finally, we reject the appellee's contention that consideration of the standards enunciated in *Johnson* is not required in a voting rights case. As this court stated in *Matter of First Colonial Corp. of America*:

> Although *Johnson* involved a suit brought under 42 U.S.C.A. § 2000e *et seq.*, the guidelines we established there are equally useful whenever the award of reasonable attorneys' fee is authorized by statute. *Id.* at 1299. *See also Panior.*

We therefore reverse and remand to the district court for reconsideration in light of this opinion.[5]

REVERSED AND REMANDED.

---

**5.** Appellant's counsel is entitled to an attorney's fee for the successful prosecution of this appeal. That fee shall be set by the district court on remand.