**Delores NORWOOD et al., Plaintiffs-Appellees, Cross-Appellants,**

v.

**D. L. HARRISON, Sr., et al., Defendants-Appellants, Cross-Appellees.**

**No. 78–1600**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 5, 1978.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

A. F. Summer, Atty. Gen., Peter M. Stockett, Jr., Asst. Atty. Gen., Jackson, Miss., for defendants-appellants, cross-appellees.

Bill Lann Lee, Jack Greenberg, New York City, Fred L. Banks, Jr., Jackson, Miss., for plaintiffs-appellees, cross-appellants.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Plaintiffs successfully completed an action protesting the constitutionality of a state statute allowing the loan of textbooks to private schools engaged in discriminatory practices. The district court, in a thorough and careful opinion, awarded $23,852 of the $31,379 claimed in attorneys' fees, based on services rendered for the period ending March 2, 1976, pursuant to Section 718 of the Emergency School Aid Act, P.L. 92–318, 20 U.S.C. § 1617, and, alternatively, the Civil Rights Attorneys Fees Awards Act, P.L. 94–559, 42 U.S.C. § 1988.

Defendants appeal from the award, claiming that it was barred by the Eleventh Amendment, that the statutory provisions did not abrogate the state's immunity to monetary judgment, and that the state was an indispensable party to the action. Plaintiffs cross-appeal for an increase in the amount of fees awarded and for additional fees to cover later services.

For the reasons stated, we affirm the judgment in the plaintiffs' favor, and remand for further allowance on the plaintiffs' cross-appeal.

During the pendency of the appeal, the Supreme Court decided the case of *Hutto v. Finney*, 1978, —— U.S. ——, 98 S.Ct. 2565, 57 L.Ed.2d 522. That decision makes it clear that the award of attorneys' fees against the state is authorized by law and that the state is not indispensable. The sole remaining issue is whether the district court improperly failed to allow the additional amount for services rendered.

The district court made an award for the period ending March 2, 1976 with careful calculation. *See Norwood v. Harrison*, N.D. Miss.1976, 410 F.Supp. 133. Plaintiffs had claimed a total of $31,379; they were awarded $23,852. For proceedings in the district court prior to the first appeal, the plaintiffs had claimed 406.85 hours at $35 per hour. The court accepted the claim as to time spent, but decided to vary the hourly fee based on the type of service performed. It awarded $20 per hour for writ-

ing letters, attending conferences, routine motions, and preparing exhibits; $30 per hour for depositions; $35 per hour for drafting the complaint, legal research, brief-writing, and courtroom appearances. For work performed on remand designing a certification program for Mississippi private schools, the court awarded the full claim of 141.5 hours at $40 per hour. For time spent on appeal to the Supreme Court, the court accepted the hourly fee of $50, but decided that the estimated time spent was excessive and decreased the hours from 231 to 150. The award averaged $36.06 per hour.

Plaintiffs appear now to have reached the conclusion that the hourly rates they initially requested were inadequate. Whether or not this is the case, the time to amend their claim was prior to the order awarding fees.

It is settled in this circuit that "[t]he determination of a reasonable attorney's fee is left to the sound discretion of the trial judge. . . . An attorney's fee award of a trial court should not be set aside unless there has been a clear abuse of his discretion." *Weeks v. Southern Bell Telephone and Telegraph Co.*, 5 Cir. 1972, 467 F.2d 95, 97 (citations omitted). In exercising his discretion, the trial judge is directed by *Johnson v. Georgia Highway Express, Inc.*, 5 Cir. 1974, 488 F.2d 714, to consider a number of factors, including the time spent, the novelty of the legal issue, the skill needed, other work foregone, the customary fee in the community, time limitations, the experience of the attorney, and awards in similar cases. In this case adequate consideration was given to all of these factors.

It is always not only appropriate but mandatory for a court, in fixing fees, to consider *all* of the *Johnson* factors, including the customary fee for similar work in the community, and whether the fee is fixed or contingent. We do not in this opinion endorse an average fee of so much per hour in all contingent fee cases, nor hold that the lawyer who undertakes to handle a difficult case for a plaintiff on a contingent basis should be held to the hourly fee that is expected by attorneys whose

retainers are sure. In the award appealed from, however, we think the trial court, in considering the request for attorneys' fees, framed as it was, gave adequate attention to the contingency factor.

The plaintiffs should, however, be compensated for any time their attorneys spent on the matter after March 2, 1976. Although we have the power to award attorneys' fees, or to adjust any award we find inequitable, *see Brown v. Culpepper*, 5 Cir. 1977, 559 F.2d 274; *Davis v. Board of School Commissioners of Mobile County*, 5 Cir. 1976, 526 F.2d 865, the record does not disclose the amount of time counsel have devoted to this case; we, therefore, think that the parties should be heard on that issue in the trial court. *Fain v. Caddo Parish Police Jury*, 5 Cir. 1977, 564 F.2d 707, 709, n.4.

For these reasons, the awarded attorneys' fees to March 2, 1976, is affirmed; the case is remanded to the district judge for a determination of appropriate compensation for work performed since its March 2 order.

REMANDED.