**CRITERION CLUB OF ALBANY et al., Plaintiffs-Appellants,**

v.

**The BOARD OF COMMISSIONERS OF DOUGHERTY COUNTY, GEORGIA, et al., Defendants-Appellees.**

**No. 78–3066**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

April 27, 1979.

Rehearing Granted June 20, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

David F. Walbert, Atlanta, Ga., Herbert E. Phipps, Albany, Ga., for plaintiffs-appellants.

Perry, Walters, Lippitt & Custer, Albany, Ga., for defendants-appellees.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

The appeal in this case concerns only whether the plaintiffs-appellants were prevailing parties in the action for the purpose of determining whether they are entitled to an award of attorney's fees; and, if so, the amount due. We find the record inadequate to enable us to determine whether the plaintiffs are entitled to an award of fees, and remand for determination of further facts.

On Dec. 2, 1976, the plaintiffs brought a class action on behalf of the black residents of Dougherty County, Georgia, alleging an abridgment of their rights under the 14th and 15th Amendments by virtue of the county-wide, at-large, majority vote system of electing the five-member Board of Commissioners of Dougherty County. The case never proceeded to trial. Instead, the parties reached an agreement pursuant to which the Dougherty County Legislative delegation introduced a bill at the 1978 Session of the Georgia General Assembly redistricting Dougherty County, and providing the opportunity for the election of at least two blacks to the County Commission. The Bill passed and was signed by the Governor.

Later, the plaintiffs filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 1988, as amended by the Civil Rights Attorney's Fees Awards Act of 1976, and the Voting Rights Act of 1965, 42 U.S.C. § 1973 et seq. The district court denied the motion on grounds that, even

assuming that the plaintiffs precipitated the legislation in question and could be termed "prevailing parties", compelling circumstances would render an award of attorney's fees unjust under *Newman v. Piggie Park Enterprises, Inc.,* 1968, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263. The reasons were that:

(1) the defendants never admitted liability and there was nothing in the record to indicate that plaintiffs would have prevailed on the merits, as at-large elections were not *per se* unconstitutional, *Fortson v. Dorsey,* 1965, 379 U.S. 433, 85 S.Ct. 498, 13 L.Ed.2d 401;

(2) the case had not proceeded far before it became moot as a result of the legislation, and, in fact, a substantial portion of the paperwork generated in this case was concerned solely with the issue of attorney's fees; and

(3) the burden of an award would fall on the present taxpayers of Dougherty County for the alleged discriminatory consequences of a system established almost 20 years ago.

■ The Civil Rights Attorney's Fees Awards Act provides that the award of fees lies within the discretion of ˙the district court. However, the prevailing party should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust. *See Morrow v. Dillard,* 5 Cir. 1978, 580 F.2d 1284, 1300, and cases therein cited.

The district court made no finding of fact with respect to whether the reapportionment resulted directly from the filing of this suit. It appears that, with active oversight from the court, the terms of the agreement were arrived at by the opposing parties and then drafted into legislation. If this is what happened, then the district court should determine whether in fact the plaintiffs were or were not the "prevailing party".

■ The mere fact that the case did not proceed to judgment is not controlling. A party may be considered a "prevailing party" when he or she has vindicated rights through a consent judgment or without formally obtaining relief. *See Brown v. Culpepper,* 5 Cir. 1977, 559 F.2d 274, 277, citing the legislative history of the Act given in S.Rep. No. 94–1011, 94th Cong. 2d Sess. (1976) at 5, reprinted in [1976] U.S.Code Cong. & Admin.News at 5908 & 5912. Reliance on *Henderson v. Fort Worth Independent School District,* 5 Cir. 1978, 574 F.2d 1210, is misplaced; the *Henderson* panel decision was vacated and declared of no precedential value in *Henderson v. Fort Worth Independent School District,* 5 Cir. 1978, 584 F.2d 115 (en banc).

The fact that the case did not proceed very far in court before becoming moot, and the allegedly disproportionate amount of time claimed for work in connection with attorney's fees are matters to be considered by the district court in making its assessment of fees; they do not constitute sufficient reason to deny any award. Nor do we endorse the denial of attorney's fees because the burden of an award for a discriminatory system instituted 20 years ago might fall on the shoulders of the present taxpayers; this would make it impossible in many cases for prevailing plaintiffs to recover fees for many of the unconstitutional practices involved in civil rights cases are of long standing.

■ For these reasons, the decision of the trial court denying any award of fees would be an abuse of discretion if the result obtained was a consequence of the filing of this suit by way of a compromise or other agreement of the parties. In determining that fact, the court should consider whether it played an active part in achieving that result.

If the district court should on remand, decide that the plaintiffs are entitled to attorney's fees it should fix the amount due in accordance with the factors enunciated in *Johnson v. Georgia Highway Express, Inc.,* 5 Cir. 1974, 488 F.2d 714, and it should also allow costs. *See, e. g., Morrow v. Dillard, supra,* 580 F.2d at 1300–1301; *Norwood v. Harrison,* 5 Cir. 1978, 581 F.2d 518, 520.

Therefore, the judgment is vacated and the case is remanded.

ON PETITION FOR REHEARING

Before COLEMAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

IT IS ORDERED that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby GRANTED. The district court is instructed that, if it determines that the plaintiffs are the prevailing parties and entitled to attorney's fees, it should include in its award fees for the prosecution of this appeal. *See Fain v. Caddo Parish Police Jury*, 5 Cir. 1977, 564 F.2d 707, 710 n.5.