James N. BROWN, Plaintiff-Appellee,
Cross-Appellant,

v.

BULLARD INDEPENDENT SCHOOL
DISTRICT et al, Defendants-Appel-
lants, Cross-Appellees.

No. 79–3476.

United States Court of Appeals,
Fifth Circuit.
Unit B

March 25, 1981.
Rehearing Denied April 17, 1981.

Ramey, Flock, Hutchins, Jeffus, McClendon & Crawford, Mike A. Hatchell, Tyler, Tex., for defendants-appellants, cross-appellees.

Joe K. Crews, Larry R. Daves, Tyler, Tex., for plaintiff-appellee, cross-appellant.

Before AINSWORTH and SAM D. JOHNSON, Circuit Judges, and HUNTER,* District Judge.

PER CURIAM.

This case arose out of the non-renewal of the contract of an untenured public school teacher. James Brown brought suit against the Bullard Independent School District and its trustees, both officially and individually, for monetary damages and equitable relief stemming from the district's failure to renew his contract as a non-tenured teacher for 1977–78, alleging that he was denied renewal of his contract in retaliation for his exercise of First Amendment rights. The same relief was sought against Phillip Irby, the superintendent, and Edward Coffee, plaintiff's supervising principal. Defendants requested and were granted a trial by jury. The jury's findings, in response to special interrogatories, are summarized as follows:

Question 1  The jury found that James N. Brown's non-renewal was in violation of Mr. Brown's rights under the First Amendment.

Question 2a  The jury found Phillip C. Irby and Edward F. Coffee, school administrators, were not entitled to a "good faith" immunity defense from individual liability.

Question 2b  The jury found that George M. Arnold, Bob Coleman, David Campbell, and Kenneth King, members of defendant school board, were not entitled to a "good faith" immunity defense from individual liability.

Question 3  The jury found that Phillip C. Irby and Edward F. Coffee acted with malice, ill will, or the specific purpose of violating Mr. Brown's First Amendment rights.

Question 4  The jury found that $22,000 would fairly and reasonably compensate Mr. Brown for his lost wages.

Question 5  The jury found that $7,500 would fairly and reasonably compensate Mr. Brown for the mental anguish caused by the denial of his First Amendment rights.

Question 6  The jury found that punitive damages should be assessed against Phillip C. Irby and Edward F. Coffee in the amount of $7,500.

The ultimate judgment, partially sustaining defendants' motion for judgment non obstante veredicto, disregarded the punitive damage finding, mitigated lost wages by the sum of plaintiff's post-teaching earnings and awarded plaintiff $17,500, plus attorney's fees of $5,000. Equitable relief in the form of mandatory reinstatement was also ordered.

Defendants insist that the judgment must be set aside in its entirety because the speech involved was not protected by the First Amendment and that the record will not support a judgment premised upon an unconstitutional retaliation. Plaintiff has filed a cross-appeal contending that this Court should a) affirm the jury and trial court's judgment against each defendant, and b) reverse and remand the trial court's disregard of punitive damages and award of attorney's fees.

Defendants insist that the statements alleged to have caused plaintiff's negative evaluation and non-renewal were not protected speech under the First

* United States District Judge of the Western District of Louisiana, sitting by designation.

Amendment. Defendants' position is no different now than it was in the district court, i. e., in context, plaintiff's statements were not protected because they involved internal matters relative to efficient functioning of the school system and were not related to any issue of public importance upon which plaintiff was commenting as a citizen. We regard the ultimate determination of whether an individual's speech was constitutionally protected "to be a question of law," *Van Ooteghem v. Gray*, 628 F.2d 488–492 (5th Cir. 1980). However, in balancing the interests discussed in *Pickering v. Board of Education*, 391 U.S. 563, 568, 88 S.Ct. 1731, 1734–35, 20 L.Ed.2d 811 (1968), in order to assess the protected nature of a given speech, an appellate court is constrained, absent clear error, to follow the trial court's conclusions. Here, the trial court instructed the jury:

> The evidence in this case has established as a matter of law the following protected activities: private conversations he had with the Principal, the Superintendent, the Trustee members which related to the conditions of his employment, and remarks that he made at a faculty meeting on November 18, 1976. Each of these activities taken individually or collectively are protected First Amendment activities.

Based on the facts of this case, we cannot find that his conclusions were erroneous.

## SUFFICIENCY OF THE EVIDENCE

■ Concerning the evidentiary burdens of the parties, the rules are simple enough. Under *Mt. Healthy City Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1971), the plaintiff, first, must (i) prove that exercise of a First Amend-

ment right was a "... substantial ..." or "... motivating ..." factor inducing the supposedly retaliatory acts complained of, whereupon (ii) the defendants may prove that they would have taken the same actions "... even in the absence of the protected conduct." 429 U.S. 287, 97 S.Ct. 576, 50 L.Ed.2d 484.[1]

In *Boeing Co. v. Shipman*, 411 F.2d 365 (5th Cir. 1969) *en banc*, we established the standards governing judgments n.o.v.:

> On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.

■ In response to interrogatories the jury found that Brown's non-renewal was in violation of his rights under the Fifth Amendment; that the school administrators were not entitled to "good faith" immunity defense; and that the school board members were not entitled to a "good faith" immunity defense. There was conflicting testimony on all of these issues. While the evidence for defendants was persuasive, the

1. The jury was given specific instructions concerning the issues presented by Interrogatory One. They were told:

   "If James Brown's actions or statements in connection with his protected First Amendment activities were a substantial or motivating factor in any of the decisions that Mr. Irby, Mr. Coffey or the Bullard Independent School District or its individual Trustees made with reference to his employment, then the Defendants acted illegally and contrary to the Constitution of the United States. The burden of proof in this connection is on the

   Plaintiff, James Brown, to prove his allegations to you by a preponderance of the evidence.

   "On the other hand, if Mr. Irby, Mr. Coffey, Bullard Independent School District or the individual Trustees can establish that the action which they took with reference to James Brown would have been taken in any event; that is, even if he had never made those remarks on November 18, 1976, or had any conversations regarding his employment with Mr. Irby: then there is no violation of the law."

evidence for plaintiff was substantial and also persuasive. Faced with conflicting, credible evidence, it was within the jury's province to resolve the conflict in favor of plaintiff. Denial by the trial court of defendants' motion for directed verdict and judgment n.o.v. was not in error.

## PUNITIVE DAMAGES

The Supreme Court noted in *Carey v. Piphus*, 435 U.S. 247, 257, n.11, 98 S.Ct. 1042, 1049, n.11, 55 L.Ed.2d 252, that punitive damages may be awarded in appropriate cases under Section 1983. In the present case the district judge declared that punitive damages as assessed by the jury were disregarded for the reason that the evidence was insufficient to support such an award. The jury encountered difficulty in agreeing on the punitive damage interrogatory.

Plaintiff's suit involves no class-wide wrong; there was no systematic oppression or a continuous course of harassment. We have again examined the record under the *Boeing* standard, and viewing the evidence and making reasonable inferences in the light most favorable to plaintiff, we conclude that there is simply no evidence of the type of malevolent, outrageous or abusive conduct which justifies more than compensatory damages. The district court properly granted the motion for judgment n.o.v. on the issue of punitive damages.

## ATTORNEY'S FEES

Plaintiff requested and was awarded attorney's fees under 42 U.S.C. § 1988. Section 1988 provides for attorney's fees at the Court's discretion to prevailing parties in suits brought under certain of the civil rights laws, including 42 U.S.C. § 1983. This circuit has consistently held that prevailing parties are ordinarily entitled to attorney's fees "unless special circumstances would render such an award unjust." *Criterion Club of Albany v. Board of Commissioners*, 594 F.2d 118, 120 (5th Cir. 1979). To deny attorney's fees in this case would contravene the very purposes for which section 1988 was designed—to encourage plaintiffs deprived of constitutional rights to seek redress. *Gore v. Turner*, 563 F.2d 159,

163 (5th Cir. 1977). The fee awarded was in the amount of $5,000. Plaintiff insists that it was inadequate. The district court failed to explain how it arrived at this figure and made no reference to the guidelines set forth by this Court in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Such reasons, whether expressed in the form of an opinion or findings, are essential for us to adequately evaluate this issue. Without them the appellate court is obliged, at least in part, to respond to the appeal on the basis of "too little," "too much," or "just about right." *Van Ooteghem v. Gray*, 628 F.2d 488 (1980).

Finding no error in the proceedings below on the issues of liability and damages, we AFFIRM those sections of the judgment. The district court failed to make adequate findings in fixing the amount of attorney's fees. We VACATE the award of $5,000 and REMAND for reconsideration of this one issue.

AFFIRMED in part; VACATED and REMANDED in part.