Donald Lynn **PERRY**

v.

**CITY OF HAMMOND.**

Crim. A. No. 82–111.

United States District Court, E. D. Louisiana.

Oct. 4, 1982.

Donald Juneau, New Orleans, La., Dennis C. Kronlage, Dukes & Pastor, Hammond, La., for plaintiff.

John Feduccia, Asst. City Atty., Hammond, La., for defendant.

CHARLES SCHWARTZ, Jr., District Judge.

This matter came on for hearing on a former day on motion of the petitioner for award of costs and attorney's fees under the Civil Rights Attorney's Fees Awards Act of 1976, amending 42 U.S.C. § 1988, and under 42 U.S.C. § 2000a–3(b), at which time the Court took the matter under submission. After due consideration of the argument and memoranda of counsel, the record and the law, it is the opinion of the Court for the reasons hereinafter set out, that the motion of petitioner should be and the same is hereby DENIED.

On February 4, 1982, Donald Lynn Perry was arrested at a bar and place of entertainment in Hammond, Louisiana by city police officers, and was charged with failure to leave the premises after having been forbidden to stay, a violation of a city ordinance. Perry was arraigned on February 16, 1982, pleaded not guilty to the charges, and trial of the criminal prosecution was set for March 29, 1982, in the Hammond City Court. On March 23, 1982, Perry filed a petition to remove the criminal case under 28 U.S.C. § 1443, by leave of this Court under 28 U.S.C. § 1446(c)(1). Respondent City of Hammond did not move to remand the case.

A status conference was held on April 21, 1982, and the Court set another status conference to be held on May 25, 1982. At the May 25th conference, counsel for Perry appeared but counsel for the City of Hammond did not. Counsel for the City had not requested a postponement of the conference, nor did he contact the Court in any manner. Accordingly, the cause was dismissed for failure of the City to prosecute.

Petitioner Perry moved for the assessment of costs and attorney's fees, and requested an Order requiring the City to expunge his arrest record and to return his bond monies on June 28, 1982.[1] Memoranda were submitted and argument was heard on September 8, 1982 on the issue of costs and attorney's fees.

The City stipulated that no one attended the May 25th conference on its behalf but contends that it had no previous knowledge of the conference being scheduled for that time and that it never received any notice of the conference from the Clerk of Court's office. The City contends that it not be charged with either costs or attorney's fees as it had no notice of the proceedings before the Court.

Petitioner seeks attorney's fees totaling $2,502.50, and costs under Section 204(b) of Title II, the Civil Rights Act of 1964, 42

---

1. It appears to the Court's satisfaction that the City has expunged petitioner's arrest record and returned his bond monies; therefore, these requests are adjudged moot.

U.S.C. § 2000a–3(b), the Civil Rights Attorney's Fees Awards Act of 1976, Pub.L.No. 94–559, 90 Stat. 2641, *amending* 42 U.S.C. § 1988 (Awards Act). Petitioner argues that, although this action was originally a criminal prosecution commenced by the City, petitioner's removal was a commencement of his own action under Title II and 42 U.S.C. § 1981 to enforce his own rights. Petitioner also contends he is a "prevailing party" because, by removing this action and having the criminal prosecution dismissed, he has vindicated his Title II and 42 U.S.C. § 1981 rights.

■ In the absence of legislation providing otherwise, it is the general rule in the United States that litigants must pay their own attorney's fees. *Hanrahan v. Hampton,* 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980); *Christiansburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Citing *Alyeska, id.* at 260, 95 S.Ct. at 1623, 44 L.Ed.2d at 155, the Court in *Christiansburg* stated that "Congress has provided only limited exceptions to this rule 'under selected statutes granting or protecting various federal rights.'" *Id.* at 415, 98 S.Ct. at 697, 44 L.Ed.2d at 653. The question, therefore, is whether the removal of an action to federal court under 28 U.S.C. § 1443 is within a statutory exception allowing attorney's fees.

■ The petitioner removed the criminal action that had been commenced against him under 28 U.S.C. § 1443,[2] alleging a violation of his rights as guaranteed by sections 202 and 203 of Title II, 42 U.S.C. §§ 2000a–1, 2000a–2, and by 42 U.S.C. § 1981. The Supreme Court's decision in *State of Georgia v. Rachel,* 384 U.S. 780, 792, 86 S.Ct. 1783, 1790, 16 L.Ed.2d 925, 933

(1966), established that 28 U.S.C. § 1443 allows removal of a criminal prosecution from state to federal court under "any law providing for specific civil rights stated in terms of racial equality." The laws and the rights relied on for this removal are within the scope intended in section 1443. *See, e.g., Georgia v. Rachel, supra* (Sections 202 and 203 of Title II); *Brown v. Culpepper,* 559 F.2d 274, 277 (5th Cir. 1977) (42 U.S.C. § 1981).

The statutes relied on by petitioner for the award of attorney's fees are specific as to when the award may be made. Section 204(b) of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a–3(b) provides: "In any action commenced pursuant to this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs...." The Civil Rights Attorney's Fees Awards Act of 1976 provides, in part: "In any action or proceeding to enforce a provision of section 1981 ... of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

Although petitioner relied upon the civil rights statutes to secure removal of his case to this Court, the case remained a criminal prosecution. The removal merely transferred the case to a different forum; it did not transform the case into a civil rights action or create a civil rights action. In fact, no consideration was ever given to the merits of petitioner's civil rights claims; their simple assertion sufficed to have the case removed to this Court. When the case was subsequently dismissed for failure to prosecute, again no determination on the merits of the civil rights allegations was made. Therefore, it would be stretching the plain meaning of the statutory language to hold that a removal such as this created an "ac-

---

2. 28 U.S.C. § 1443 provides:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a

right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

630

tion commenced pursuant to [Title II]," or created an "action or proceeding to enforce a provision of section 1981."

Moreover, if Congress had intended to provide for an award of attorney's fees for the removal of an action under 28 U.S.C. § 1443 because of alleged civil rights violations, the removal statute could have been enumerated in the statutes providing for such awards. Absent such enumeration, Congressional intent to permit attorney's fees for a removal action under these statutes cannot be assumed.

Therefore, the award of attorney's fees is not appropriate herein because (1) the removal of an action under 28 U.S.C. § 1443 does not transform it into a civil rights action covered by the statutes allowing attorney's fees, and (2) the removal statute is not included in the enumerated sections within those statutes providing for such awards.

Accordingly, petitioner's claim for attorney's fees herein is DENIED.