**John E. SEGARS, Jr. and Gilla W. Byers, Plaintiffs,**

v.

**FULTON COUNTY, GEORGIA, Defendant.**

**Civ. A. No. C85–4426A.**

United States District Court, N.D. Georgia, Atlanta Division.

Dec. 10, 1986.

Jeffrey O. Bramlett, George W. Fryhofer, Bondurant, Mixson & Elmore, Atlanta, Ga., for plaintiffs.

Lewis C. Horne, Jr., Franklin Biggins, Atlanta, Ga., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

This matter is currently before the court on plaintiffs Segars and Byers' motion for an award of attorney's fees pursuant to 42 U.S.C. § 1988.

## FACTS

This case arose over Fulton County Personnel Regulations PR–1600–1, PR–1200–11(1) and PR–1200–11(3), which required Fulton County employees to take leave from employment without pay in order to seek elective office and, if successful, to resign from county employment in order to hold that office. The court in its order held that these regulations, as relates to plaintiff Segars, unconstitutionally infringed the political speech and associational freedoms protected by the First Amendment as applicable to the states through the equal protection clause of the Fourteenth Amendment. Initially, Fulton County disagreed with plaintiffs' contention that the regulations were unconstitutionally restrictive and informed plaintiff Segars that noncompliance would lead to his termination. The plaintiffs brought this action seeking both temporary and permanent injunctive relief. The court, in its November 18, 1985 Order granted the temporary restraining order.

On December 11, 1985, plaintiffs moved for judgment on the pleadings following the expiration of the TRO. The court denied plaintiffs' motion on January 9, 1986. The parties indicated a willingness for the case to receive speedy adjudication by filing a Joint Stipulation of Facts on April 15, 1986. On cross-motions for summary judgment, the court granted summary judgment for plaintiffs and denied summary judgment for defendant in its September 9, 1986 Order, 644 F.Supp. 682.

DISBURSEMENTS:

| | | | |
|---|---|---|---|
| 02/20/86 | Travel expenses to and from Ball Ground for meeting with L. Horne, Jackie Mitchell and Karen Jordan | | $ 19.80 |
| 06/12/86 | Copying Expenses—Outside the Office—petty cash reimbursement | | $ 10.00 |
| 06/20/86 | Lexis Research | | $ 29.59 |
| | Long Distance Telephone Charges | | $ 8.70 |
| | Secretarial Overtime | | $ 50.00 |
| | Internal Messenger Service | | $ 60.00 |
| | Copying Expenses—Within Office | | $476.28 |
| | Word Processing Printing | | $195.40 |
| TOTAL DISBURSEMENTS BILLING: | | | $849.77 |

Time Summary By Attorney

LEGAL FEES:

| Attorney | Hours Worked | Billing Rate | Bill Amount |
|---|---|---|---|
| J. Bramlett | 191.7 | 120.00 | 23,004.00 |
| R. Littleton | 3.5 | 35.00 | 122.50 |
| J. Krone | .8 | 35.00 | 28.00 |
| G. Fryhofer | 88.0 | 90.00 | 7,920.00 |
| W. Reed | 4.1 | 30.00 | 123.00 |

| Attorney | Hours Worked | Billing Rate | Bill Amount |
|----------|--------------|--------------|-------------|
| R. Gayman | 2.6 | 50.00 | 130.00 |
| R. Flower | 7.6 | 30.00 | 228.00 |
| S. Layton | 7.0 | 40.00 | 280.00 |
| TOTAL LEGAL FEES: | | | $31,835.50 |
| TOTAL CURRENT STATEMENT: | | | $32,685.27 |

## DISCUSSION

The Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, provides that prevailing plaintiffs in § 1983 actions may seek "a reasonable attorney's fee as part of the costs." Indeed, prevailing civil rights plaintiffs "should ordinarily recover attorney's fees unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968), *quoted in* S.Rep. No. 1011, 94th Cong., 1st Sess. 4 (1976).

■ In determining what constitutes a reasonable fee under § 1988, the court receives guidance from several Supreme Court pronouncements on the subject. The Court has held in specifying the proper focus for this inquiry that "[t]he most useful starting point for determining the reasonable fee is the number of hours reasonably expended on the litigation, multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *See also Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). This figure then becomes the "lodestar" amount, from which the fee may require upward or downward adjustment. *Id.* In determining the propriety of enhancing or reducing the lodestar, this court should properly consider the familiar factors identified in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974).[1] Moreover, "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley supra,* 461 U.S. at 435, 103 S.Ct. at 1940; *quoted in City of Riverside v. Rivera,* — U.S. —, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986).

Thus, there being no question that plaintiffs are the "prevailing parties" in this action, the court will proceed with a two-step inquiry: (1) whether the fees requested and the hours expended are reasonable, and (2) whether the *Johnson* factors support any adjustment of the lodestar amount derived in step (1).[2]

Counsel for plaintiffs provided this court with a detailed account of each of its charges by date, attorney, hours spent, and subject matter of the time spent. (Bramlett Affidavit, Exhibit A). Additionally, attorney Bramlett's affidavit indicates that through representation of attorneys and law firms in this area he is personally familiar with the hourly billing and collection rates and practices of lawyers in Atlanta, Georgia. *Id.* Furthermore, Bram-

---

[1]. These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skills required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the awards in similar cases. *Id.*
Recent Fifth and Eleventh Circuit decision have found it proper to emphasize four of the twelve usual *Johnson* factors above the others. *See*

*Copper Liquor, Inc. v. Adolph Coors Co.,* 624 F.2d 575 (5th Cir.1980) (which emphasized factors (1) time and labor required; (5) the customary fee; (8) the amount involved and the results obtained, and (9) the experience, reputation and ability of counsel. *Id.* at 583, *Accord Fitzpatrick v. Internal Revenue Service,* 665 F.2d 327 (11th Cir.1982).

[2]. Appellate courts have required the trial court to specify for the appellate record how these factors are considered and applied. *See e.g., Fain v. Caddo Parish Police Jury,* 564 F.2d 707 (5th Cir.1977). However, the court is not obliged to address factors that lack evidentiary support. *Varner v. Century Finance Co. Inc.,* 738 F.2d 1143 (11th Cir.1984).

lett contends that the charges presented are reasonable under the circumstances *Id.*

Defendant's opposition centers around the general contention that plaintiffs' counsel has made "no showing that any of such (sic) billings were subject to any editing or consideration of reasonableness in a specific sense." (Defendant's Brief at 7). Defendant argues further that "while it may be reasonable under local billing and collection practices to bill clients for any and all charges for services and expenses related to a case, it does not necessarily follow that each individual charge was reasonable for compensation purposes in the federal courts." *Id.* at 8. For its part, defendant does not specifically dispute any of plaintiffs' charges, rather, defendants shows that the total time devoted on behalf of defendant in connection with this action is significantly less than plaintiffs' counsel. (Defendant's Brief, Exhibit A). This admission could be telling.

■ After thorough review of each of the entries made by plaintiffs' counsel and in light of his uncontradicted testimony that such charges are reasonable for the Atlanta area, the court finds the fees requested and the hours expended are reasonable. In fact, the court commends the parties for expediting this court's task by stipulating to the facts not in dispute.

In considering whether this fee should be enhanced, the court will consider the *Johnson* factors insofar as they are relevant.

The time and labor required to conclude the case is detailed in plaintiffs' computer-generated summary of contemporaneous time records. (Bramlett Affidavit, Exhibit A). The time and labor required by counsel to prevail in this case were reduced by both parties' efforts to stipulate to a factual record, thereby eliminating the need for an evidentiary hearing or full discovery. Rather than justifying an upward adjustment in the lodestar amount, the court commends the parties' reasonableness in cooperating with each other and notes that failure to act in such a manner in the future may well warrant a downward adjustment for less responsible parties.

Although not directly controlled by binding precedent, in the run of First Amendment and Equal Protection issues, the questions at bar were not notably novel or difficult.

The plaintiffs' counsel possessed the requisite skill to perform the legal services required properly, and that degree of skill is reflected in the fact that their hours are reasonable and that they did not need to expend time familiarizing themselves with a new area of law.

Handling this case did not preclude the plaintiffs' counsel from other employment except to the extent that, like any case, working on a matter necessarily precludes working on any other matters during such hours of work.

The court finds the fees requested in this action are within the limits of the customary fees charged and collected for such work in the Atlanta area.

The court finds that neither the fact that counsel dealt with plaintiff on a contingent fee basis, nor the delay in receiving such payment provide reason for upward adjustment of the lodestar. Counsel will be fully compensated for the amount of time and labor expended in this matter according to its reasonable, normal fee.

As in the case of any motions for a temporary restraining order, there were time limitations imposed by the client and the circumstances in this case. Plaintiffs' counsel were retained on October 23, 1985, to seek relief in order to meet a November 13 filing deadline for plaintiff Segars' mayoral candidacy. Additionally, plaintiffs contend immediate legal attention was required by Fulton County's threat to withhold plaintiff Segars' pay for the duration of the litigation. Relief in the second instance was obtained by informal conference with the court. The court finds, however, that this twenty-two day time limitation does not warrant upward enhancement. In fact, plaintiff counsel's own time records indicate that this time limitation did

**46**

not distort or substantially interfere with counsel tending to other business during that period.

The court finds the amount involved and the results obtained do not warrant upward adjustment. Counsel competently and successfully sought and received relief for plaintiffs' constitutional claims.

The court finds that the experience, reputation, and ability of plaintiffs' counsel are satisfactory and are properly reflected in the number of hours expended on the case.

The court finds that the case was not undesirable and would in no way reflect adversely upon plaintiffs' counsel in the community. Therefore, no upward adjustment in the lodestar amount is warranted.

The court finds that the nature and length of the professional relationship between plaintiffs and counsel was not of a long, on-going nature and would neither warrant an increase nor decrease in the lodestar amount.

Finally, based on the cases cited and affidavit of Attorney Bramlett, awards in similar cases do not warrant an increase or decrease in the lodestar amount. *See Pfister v. Delta Air Lines, Inc.*, 496 F.Supp. 932 (N.D.Ga.1980); *In re Chickens Antitrust Litigation*, Civil Action No. C74–2454A (N.D.Ga.1985).

**CONCLUSION**

The court DIRECTS the clerk to enter judgment of reasonable attorney's fees to be taxed against defendant in this action in the amount of $32,685.27.